UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| FRANK SAVEL et al., | : | CASE NO. 1:22-cv-01254 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 39, 43] |
| v. | : | |
| | : | |
| THE METROHEALTH SYSTEM, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Currently before the Court is Plaintiff Danielle Crockett's motion to dismiss without prejudice.[1]  Defendant MetroHealth System (MetroHealth) opposes the Motion and requests that Plaintiff Crockett's claims instead be dismissed with prejudice.[2]

For the following reasons, the Court **GRANTS** Defendant MetroHealth's motion for leave to supplement its response to Plaintiff Crockett's motion to dismiss; **DENIES** Plaintiff Crockett's motion to dismiss without prejudice; provides Crockett notice of her options regarding her claims in this case; and **ORDERS** Plaintiff Crockett to make filings in accordance with this order's CONCLUSION section.

## I.   BACKGROUND

On December 1, 2022, and over one and a half-year ago, Plaintiff Crockett, along with forty-five other named plaintiffs, filed the current lawsuit.[3]  With their complaint, Plaintiffs brought a proposed class action lawsuit.  Plaintiffs alleged various federal and state

---

[1] Doc. 39.
[2] Doc. 40.
[3] *See* Doc. 2.

Case No. 1:22-cv-02154
GWIN, J.

constitutional violations after losing their jobs with Defendant MetroHealth and after they refused to receive the COVID-19 vaccine.

On April 28, 2023, the Court entered its trial order establishing an initial discovery cutoff date of September 25, 2023, and trial date of October 16, 2023.[4]

Defendant MetroHealth moved to dismiss the matter for failure to state a claim.[5]  On July 12, 2023, the Court granted MetroHealth's motion to dismiss in its entirety.[6]  The Court found that some Plaintiffs had not alleged sufficient injury to establish standing for Title VII and Ohio R.C. § 4112 claims, and others failed to state claims for religious discrimination under the same statutes.[7]

Plaintiffs timely appealed the Court's order dismissing the case.[8]

On March 20, 2024, the Sixth Circuit partially affirmed and partially reversed the Court's dismissal.[9]  The Sixth Circuit affirmed the Court's judgment as to forty-four named plaintiffs, but found that Plaintiffs Crockett and Frank Savel had sufficiently pled injury to show standing and had stated claims under Title VII and § 4112.[10]  The Sixth Circuit remanded the matter for further proceedings as to Plaintiffs Crockett and Savel.[11]

The Court then held a second case management conference on April 29, 2024, a little over a year to the day from the original case management conference.[12]  At the conference,

---

[4] *See* Doc. 17, PageID #: 758.
[5] Doc. 12, PageID #: 269.
[6] Doc. 23.
[7] *Id.*, PageID #: 993-94.
[8] Doc. 25.
[9] *See Savel v. MetroHealth System,* 96 F.4th 932 (6th Cir. 2024).
[10] *Id.* at 937.
[11] *Id.* at 944-45.
[12] *See* Doc. 30.

Case No. 1:22-cv-02154
GWIN, J.

the Court set a discovery cutoff date of September 16, 2024, and a dispositive motion

deadline of July 29, 2024.  Trial was set for October 7, 2024.[13]

On May 22, 2024, Plaintiff Crockett field a motion under Federal Rule of Civil

Procedure 41(a)(2)[14] to dismiss her claims without prejudice.[15]  Defendant MetroHealth

timely responded, opposing the dismissal without prejudice and arguing that the Court

should dismiss Crockett's claims with prejudice due to Crockett's dilatory conduct, among

other reasons.[16]

Plaintiff Crockett replied.[17]

Defendant MetroHealth then moved for leave to supplement their response *instanter*

to Plaintiff Crockett's motion to dismiss without prejudice.[18]  With its supplemental response,

MetroHealth provides evidence of updates to Crockett's discovery conduct.

The Court **GRANTS** MetroHealth's motion for leave to supplement their response

*instanter* and proceeds to discussion of whether Plaintiff Crockett's claims should be

dismissed without prejudice.

## II.    LEGAL STANDARD

When an answer or motion for summary judgment has been served, and not all

appearing parties will stipulate to dismissal, Rule 41(a)(2) provides that "an action may be

dismissed at the plaintiff's request only by court order, on terms that the court considers

---

[13] *See* Doc. 33, PageID #: 1070.
[14] *Id.*
[15] Doc. 39, PageID #: 1107.
[16] Doc. 40, PageID #: 1117.
[17] Doc. 41.
[18] Doc. 43.

Case No. 1:22-cv-02154
GWIN, J.

proper."[19]   Rule 41(a)(2)'s purpose is to protect the nonmovant from unfair treatment.[20]

Unless the order states otherwise, such a dismissal is without prejudice.[21]

"A plaintiff who moves to dismiss its action via court order . . . is subject to the

discretion of the district court."[22]  "The district court may deny the motion, require that a

dismissal be with prejudice, or impose any other conditions that it deems necessary."[23]

A court abuses its discretion granting a motion to dismiss without prejudice under

Rule 41(a)(2) only if "the defendant would suffer plain legal prejudice as a result of dismissal

without prejudice, as opposed to facing the mere prospect of a second lawsuit."[24]

"In determining whether a defendant will suffer plain legal prejudice, a court should

consider such factors as [1] the defendant's effort and expense of preparing for trial, [2]

excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [3]

insufficient explanation for the need to take a dismissal, and [4] whether a motion for

summary judgment has been filed by the defendant."[25]  A court need not resolve every factor

in favor of a party to find that dismissal without prejudice is warranted, or vice-versa.[26]

However, "'[t]he *Grover* factors are not an exclusive or mandatory list' that must be

robotically followed."[27]

---

[19] Fed. R. Civ. P. 41(a)(2).

[20] *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).

[21] Fed. R. Civ. P. 41(a)(2).

[22] *Wellfount, Corp. v. Hennis Care Centre of Bolivar Inc.*, 951 F.3d 769, 774 (6th Cir. 2020).

[23] *Id.*

[24] *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (internal citation marks omitted).

[25] *Id.*

[26] *See Wellfount*, 951 F.3d at 774.

[27] *Walter v. Florida Tile, Inc.*, 776 F. App'x 310, 316 (6th Cir. 2019) (quoting *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007)).

Case No. 1:22-cv-02154
GWIN, J.

## III.    DISCUSSION

### A.  Analysis

Plaintiff Crockett moves for dismissal without prejudice, saying that the demands posed by the current litigation—specifically, discovery demands—are beyond her capacity at this time.[28]  She says that Defendants would not be prejudiced by a dismissal without prejudice.[29]

The Court disagrees and finds that Defendant MetroHealth would be prejudiced by Plaintiff Crockett's claims being dismissed without prejudice.

This matter has been pending for over a year and a half, having been filed in December 2022.  The case was before the Sixth Circuit from July 2023 to March 2024.  Were Crockett be dismissed and then allowed to refile her claims, that matter would potentially extend well past Plaintiff Savel's case's resolution.

Perhaps most critically, Plaintiff Crockett's dilatory discovery conduct supports denying her request to dismiss without prejudice and dismissing with prejudice instead. After the Sixth Circuit remanded this matter, Plaintiff Crockett's discovery responses were due on April 22, 2024.[30]  As of June 18, 2024, Crockett has yet to respond to Defendant MetroHealth's interrogatories or requests for production.[31]

Additionally, Plaintiff Crockett failed to appear for her June 11, 2024 deposition.[32] So, '[a]lthough no motions for summary judgment have been filed, . . . Plaintiff has deprived Defendant of the opportunity to conduct meaningful discovery because she has denied

---

[28] Doc. 39, PageID #: 1107.
[29] *Id.*
[30] *See* Doc. 40-1, PageID #: 1123; Doc. 40-2, PageID #: 1129.
[31] Doc. 43, PageID #: 1142.
[32] Doc. 43-1, PageID #: 1147-49.

Case No. 1:22-cv-02154
GWIN, J.

Defendant the opportunity to depose her."[33]  Plaintiff Crockett has also failed to participate in Court-ordered mediation proceedings before a Magistrate Judge.[34]  Plaintiff Crockett appears to take the stance that because she has filed the present motion to dismiss, she is excused from participating in the case.[35]  That is not so, and her failure to do so has hindered Defendant MetroHealth's ability to properly defend itself.

Plaintiff Crockett argues that there is no prejudice to her request, because the effect of Plaintiff Crockett refiling her case at a later date is less burdensome than if Plaintiff Savel and Crockett had filed separate cases from the outset.[36]  This is neither an apt nor a convincing comparison.  Plaintiffs Savel and Crockett initially filed this lawsuit as a purported class action.[37]  Plaintiff Crockett alleged she had sufficient questions of law or fact in common to the purported class, and was typical of that class, to include herself as a named plaintiff.[38]  Plaintiff Crockett cannot convincingly now argue that splitting her claims from Plaintiff Savel's claims would decrease Defendant MetroHealth's litigation burden.

Plaintiff Crockett says that the pressure that discovery demands have placed on her causes her to withdraw her claims, but that she may be interested in pursuing those claims at a more opportune time.[39]  The Court recognizes the demands that litigation places on individual plaintiffs.  However, the Court must balance that burden with the demands placed on defendants.

---

[33] *Pepin v. Larchwood Healthcare Grp., Inc.*, No. 1:11-cv-964, 2012 WL 253328, at *3 (N.D. Ohio Jan. 26, 2012) (citation omitted).
[34] *See* Doc. 36, PageID #: 1088; Doc. 43-2, PageID #: 1149; Docket, June 18, 2024 (noting that only Plaintiff Frank Savel attended the June 18, 2024 mediation conference).
[35] *See* Doc. 43-2, PageID #: 1149.
[36] Doc. 41, PageID #: 1133.
[37] *See* Doc. 1, Doc. 21 (motion for class certification).
[38] Doc. 21, PageID #: 963-65.
[39] Doc. 41, PageID #: 1132.

Case No. 1:22-cv-02154
GWIN, J.

Summary judgment motions are due at the end of July.[40]  Whether a dispositive motion is pending is a relevant, but not dispositive factor in the Court's determination.[41]  The case's present posture is suited for dismissal of Plaintiff Crockett's claims with prejudice.

### B. Options to Proceed

When a court exercises its discretion to dismiss a case with prejudice, the court must give the moving plaintiff notice of its intention to dismiss with prejudice, an opportunity to be heard in opposition to dismissal with prejudice, and an opportunity to withdraw the request for voluntary dismissal.[42]

The Court gives Plaintiff Crockett notice of its intention to dismiss her claims with prejudice.  Plaintiff Crocket was given an opportunity to be heard via her motion for dismissal without prejudice and reply in support.

The Court therefore provides Plaintiff with the opportunity to withdraw her request for voluntary dismissal:

First, Plaintiff Crockett may choose to have the Court dismiss her claims with prejudice.

Second, Plaintiff Crockett may withdraw her request for voluntary dismissal and may proceed with this case.  If Crockett exercises the option to continue this litigation, Crockett must immediately provide overdue discovery requirements.  If Crockett chooses this option, the Court requires the parties identify all outstanding discovery that has not been provided. The Court would order Crockett to comply with those discovery requirements.  Any failure to do so would lead to sanctions.

---

[40] *See* Doc. 33.
[41] *See Walther*, 776 F. App'x at 316.
[42] *See United States v. One Tract of Real Property Together With all Bldgs., Improvements, Appurtenances, & Fixtures*, 95 F.3d 422, 425-26 (6th Cir. 1996).

Case No. 1:22-cv-02154
GWIN, J.

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant MetroHealth's motion to supplement *instanter* its response to Plaintiff Crockett's motion to dismiss and **DENIES** Plaintiff Crockett's motion to dismiss without prejudice.

Further, the Court **ORDERS** that Plaintiff Crockett must file a notice **by July 2, 2024** that indicates whether she intends to have her claims dismissed with prejudice, or whether she intends to proceed with the case, conditioned on her compliance with remaining discovery requirements.  The Court will enter a separate order based on Plaintiff Crockett's selection.  Failure by Crockett to timely file her notice in compliance with this order will result in the case being dismissed with prejudice.

IT IS SO ORDERED.


Dated: June 26, 2024                                    *s/      James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE