UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| FRANK SAVEL et al., | : | CASE NO. 1:22-cv-01254 |
| | : | |
| Plaintiffs, | : | ORDER |
| | : | |
| v. | : | |
| | : | |
| THE METROHEALTH SYSTEM, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs are former employees of Defendant MetroHealth System (MetroHealth) who allege religious discrimination after they resigned following MetroHealth's mandatory workplace COVID-19 vaccination policies. The Court previously granted Defendant MetroHealth's motion to dismiss.[1] Plaintiffs appealed, and the Sixth Circuit upheld the Court's dismissal of all but two plaintiffs.[2]

One of those two remaining plaintiffs, Danielle Crockett, moved to dismiss her claims without prejudice.[3] Defendant MetroHealth opposed dismissal without prejudice, and instead argues that Plaintiff Crockett's dismissal should be with prejudice.[4]

The Court agreed with Defendant MetroHealth and found that if Plaintiff Crockett's claims were being dismissed by Plaintiff Crockett, the dismissal should be with prejudice.[5] On June 26, 2022, the Court issued an order requiring Plaintiff Crockett to file a notice,

---

[1] *See* Doc. 23.
[2] *See* Savel v. MetroHealth System, 96 F.4th 932 (6th Cir. 2024).
[3] Doc. 39. *See* Fed. R. Civ. P. 41(a)(2).
[4] Doc. 40. Plaintiff Crockett replied. Doc. 41. The Court granted Defendant MetroHealth's motion to supplement its response to Plaintiff Crockett's motion to dismiss. *See* Doc. 43; Doc. 44, PageID #: 1151.
[5] Doc. 44, PageID #: 1155.

Case No. 1:22-cv-02154
GWIN, J.

within seven days, indicating whether she wished to proceed with the case, or whether she wished her claims to be dismissed without prejudice.[6]

Plaintiff Crockett timely filed her notice stating that "[s]he does not wish to continue in this litigation at this time," but still asserting that dismissal without prejudice is the more appropriate avenue.[7]

In its June 26, 2022 opinion, the Court explained its reasoning for finding dismissal with prejudice to better prevent unfair treatment to Defendant MetroHealth.[8] Certain elements bear repeating.

To determine whether dismissal without prejudice is appropriate, Sixth Circuit courts examine whether the nonmovant would suffer plain legal prejudice. "In determining whether a defendant will suffer plain legal prejudice, a court . . . consider[s] such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant."[9] "There is no requirement that each of the *Grover* factors be resolved in favor of the moving party before dismissal is appropriate. The factors are 'simply a guide for the trial judge, in whom the discretion ultimately rests.'"[10]

Plaintiff Crockett mistakenly fails to recognize any unfairness to Defendant MetroHealth by the possibility of a refiling.

---

[6] *Id.* at PageID #: 1158.
[7] Doc. 45, PageID #: 1160-61.
[8] *See Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) ("[T]he purpose of Rule 41(a)(2) is to protect the nonmovant, here the defendant[], from unfair treatment.").
[9] *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988) (finding district court erred where dismissal was without prejudice).
[10] *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (quoting *Kovalic*, 855 F.2d at 474).

Case No. 1:22-cv-02154
GWIN, J.

True, the "mere prospect of a second lawsuit" does not by itself warrant dismissal with prejudice.[11] But where a party has "made significant efforts, and incurred significant expense in [a] case," dismissal without prejudice would prejudice the nonmoving party.[12]

Such is the case here. This matter has been pending since December 2022. Both parties have incurred significant time and expense litigating this matter, including a Sixth Circuit appeal. After it was remanded and discovery recommenced, Defendant MetroHealth "has drafted discovery, prepared for [Plaintiff Crockett's] deposition, engaged in multiple communications with opposing counsel, and conducted motion practice."[13]

Plaintiff Crockett has also not diligently pursued her claims. After remand, her discovery responses were due April 22, 2024. Plaintiff Crockett timely answered the single request for admission posed to her.[14] However, weeks later, Plaintiff Crockett had not produced other written responses or responsive documents—nor had she filed her Rule 41(a)(2) motion.[15] She also alerted informed Defendant MetroHealth that she would not appear at her deposition a day before it was to occur.[16]

Defendant MetroHealth has been prejudiced by the effort required to work around Plaintiff Crockett's inaction. Plaintiff Crockett "should not be rewarded for her failures by essentially being allowed to restart her cause in the face of an impending dispositive motion deadline through a voluntary dismissal."[17]

---

[11] *Grover by Grover*, 33 F.3d at 718 (finding district court erred where dismissal was without prejudice).
[12] *Stoumile v. Eby-Brown Co., LLC*, Case No. 3:22-cv-177, 2023 WL 7002783 at *3 (N.D. Ohio Oct. 24, 2023).
[13] *Id.* (finding discovery efforts to favor dismissal with prejudice).
[14] *See* Doc. 40-1, PageID #: 1123.
[15] Doc. 40-2, PageID #: 1129.
[16] Doc. 43-2, PageID #: 1149.
[17] *Stoumile*, 2023 WL 7002783 at *3.

Case No. 1:22-cv-02154
GWIN, J.

The Court is sympathetic to the demands that discovery places on individual plaintiffs. However, Plaintiff Crockett has had well over a year to prepare emotionally for the potential demands of this litigation, and had discretion on when to file suit. Her explanation for dismissal without prejudice does not tip the scales in her favor.

The Court has given Plaintiff Crockett the option to continue pursuing her claims in this case, but she has declined.[18] So, the Court **DISMISSES WITH PREJUDICE** Plaintiff Crockett from this matter.

IT IS SO ORDERED.

Dated: July 9, 2024            *s/      James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[18] When a court exercises its discretion to dismiss a case with prejudice, "the plaintiff must be given an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation." *United States v. One Tract of Real Property Together With all Bldgs., Improvements, Appurtenances, & Fixtures*, 95 F.3d 422, 425-26 (6th Cir. 1996) (citations omitted).